### ESCANELLA *v.* EL REGISTRADOR DE LA PROPIEDAD.

RECURSO gubernativo contra nota del Registrador de la Propiedad de Caguas.

No. 82.—Resuelto en febrero 13, 1911.

INSCRIPCIÓN—ENAJENACIÓN DE BIENES DE MENORES.—En el caso de autos se concedió autorización judicial a la madre de un menor para vender bienes de su

hijo, con la obligación de depositar en la corte el remanente que quede a favor del último, después de deducido el importe de las deudas y gastos. Se resolvió que el comprador de la finca enajenada no viene obligado a justificar en el registro el cumplimiento de la obligación impuesta por la corte, para que pueda inscribirse su título, pues ella no constituye una condición de cumplimiento necesario para la validez del contrato, ni fué impuesta al comprador, sino a la vendedora, y el derecho de aquél no puede hacerse depender de que la segunda cumpla, o no, la resolución de la corte, y que en todo caso, el cumplimiento o incumplimiento de tal condición envolvería una cuestión de *capacidad* de las partes, y no de *causa.*

Los hechos están expresados en la opinión.

Abogado del recurrente: *Sr. José Martínez Dávila.*

EL JUEZ ASOCIADO, SR. MACLEARY, emitió la opinión del tribunal.

El contrato de compraventa celebrado entre Jaime Escanella (recurrente) y María Sánchez por sí y en representación de sus hijos menores de edad es perfectamente válido y legal porque medió consentimiento, precio y causa de obligar.

En cuanto al consentimiento podía María Sánchez prestarlo por sus hijos porque obtuvo de una corte de distrito autorización para enajenar las participaciones de sus dichos menores hijos en la finca que vendió al recurrente.

Es cierto que esa autorización dice, que se concede "Con la obligación de depositar en la corte, interin se coloca en condiciones de seguridad que la misma corte apreciará, el remanente que sobre a los citados menores, una vez descontado el importe de la hipoteca de la Srta. Padrela y los gastos que en forma legal habrá de justificar."

Los términos en que está redactada la autorización que antecede no son condicionales, esto es, no exige como condición para que la venta pueda verificarse, que se deposite el sobrante, sino que concede la autorización sin condición ninguna en cuanto a la venta por más que impone la obligación a la madre de que después de recibido el dinero, descontada la hipoteca y los gastos que haya tenido y que debe justificar, consigne el dinero sobrante a los hijos en la corte.

Como no fué una venta condicionada, no está obligado el comprador recurrente a justificar en el registro de la propie-

dad el cumplimiento de la condición, para que su contrato pueda ser inscrito, por lo que procede su inscripción.

Además, la obligación de depositar no fué impuesta al comprador, como equivocadamente dice el registrador, sino a la madre, mediante pago de una hipoteca y justificación de gastos, hechos todos que ha de realizar la madre vendedora y no el comprador, quien no puede quedar sujeto para la validez de su contrato a que aquélla quiera cumplir o nó la condición que a ella impuso la corte.

Si por el contrario la concesión de permiso hubiera sido con la condición de que el vendedor depositara el dinero o el sobrante en la corte, conociendo esa condición por el contrato, el otorgamiento de éste implicaba su aceptación y el estar obligado a completar y justificarlo así ante el registrador.

Está también equivocado el registrador en estimar que la falta de ese requisito, si fuera exigible al comprador, y no cumplido, anularía y quitaría validez al contrato por causa ilícita (art. 1242 y 1243 del Código Civil) porque estos artículos se refieren a la causa de los contratos y no a la capacidad para contratar que sería lo que habría en este caso.

Además, no hay disposición legal alguna que exija a los padres con patria potestad sobre sus hijos que hayan de depositar a las órdenes de la corte el importe de las ventas para que hayan sido autorizadas judicialmente, pero puesto que la madre aceptó tal condición, ella debe responder únicamente de la misma ante la corte y no el comprador a quien el tribunal no puede exigir ese cumplimiento ni tampoco el registrador.

Debe anularse la nota y ordenarse la inscripción.

*Revocada.*

Jueces concurrentes: Sres. Presidente Hernández, y Asociados Wolf, del Toro y Aldrey.